FILED
2/4/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
GW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **1:21-CR-00086** |
| | ) | **JUDGE SEEGER** |
| v. | ) | **MAGISTRATE JUDGE FUENTES** |
| | ) | Violations: Title 18, United States |
| THOMAS E. DUNCAN and | ) | Code, Sections 1343, 1512(b)(3), |
| DANIEL DINGLE | ) | and 1519 |

### COUNT ONE

The SPECIAL JANUARY 2020 GRAND JURY charges:

1. At times material to this Indictment:

  a. Defendant THOMAS E. DUNCAN was an employee of the United States Department of Veterans Affairs, and was a supervisor in the Central Supply department of the Jesse Brown Veterans Affairs Medical Center ("VA Medical Center") in Chicago, Illinois.

  b. The Central Supply department was responsible for monitoring inventory and purchasing medical supplies and equipment for the VA Medical Center and its satellite clinics, including the Adam Benjamin, Jr. VA Outpatient Clinic in Crown Point, Indiana.

  c. As a supervisor in the Central Supply department, DUNCAN could initiate requests to purchase goods on behalf of the VA, approve his subordinates' official VA purchases made using government purchase cards, and

1

instruct VA logistics employees to mark goods as having been received in the VA's electronic system.

  d.  An official VA purchase using a government purchase card could be approved by a supervisor, like DUNCAN, in an amount up to a dollar maximum, known as a micro-purchase threshold. Purchases above this threshold were subject to additional procurement protocols.

  e.  Defendant DANIEL DINGLE was the president of Company A, a medical supply company headquartered in Dolton, Illinois.

  f.  Helping Hands Properties LLC was an entity managed by DUNCAN.

  2.  Beginning no later than in or around August 2012, and continuing until in or around February 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THOMAS E. DUNCAN and<br>DANIEL DINGLE,

defendants herein, together with others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from the United States Department of Veterans Affairs by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3. It was part of the scheme that DUNCAN agreed to accept and receive, and accepted and received, concealed kickbacks from DINGLE in exchange for using his official position at the VA to fraudulently initiate and approve purchases of products from Company A, many of which DUNCAN and DINGLE knew would not be delivered to the VA.

4. It was further part of the scheme that, in exchange for kickbacks from DINGLE, DUNCAN instructed VA Medical Center procurement employees to place orders for products from Company A in amounts that were below the micro-purchase threshold in effect at the time of the order, knowing that the purchases would not be subject to additional procurement protocols.

5. It was further part of the scheme that DUNCAN instructed VA logistics employees to mark deliveries of orders DUNCAN had initiated in exchange for the payment of kickbacks from DINGLE as "completed" in the VA's electronic system, when DUNCAN and DINGLE knew the products had not been delivered to the VA.

6. It was further part of the scheme that DINGLE paid, and caused to be paid, kickbacks to DUNCAN in the form of cash and checks made payable to Helping Hands Properties LLC, with false and misleading memo entries on the checks, in order to conceal and disguise the existence and purpose of the kickbacks.

7. It was further part of the scheme that, for the purpose of misrepresenting and concealing the existence of the scheme, DUNCAN caused boxes of products that were purportedly delivered to the VA to be retrieved from Company A so that they would no longer appear to be part of Company A's inventory.

8. It was further part of the scheme that, for the purpose of misrepresenting and concealing the existence of the scheme, DUNCAN knowingly created, and caused to be created, fake invoices from his company, Helping Hands. The invoices falsely stated that Helping Hands had performed work for Company A.

9. It was further part of the scheme that, for the purpose of misrepresenting and concealing the existence of the scheme, DUNCAN instructed DINGLE to falsely state to agents of the Department of Veterans Affairs – Office of Inspector General that the payments to DUNCAN were for work performed by DUNCAN's company, Helping Hands, when DUNCAN knew that the payments were in fact kickbacks and not for services provided by his company.

10. It was further part of the scheme that DUNCAN and DINGLE misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme and acts done in furtherance of the scheme.

11. As a result of the scheme, Company A fraudulently obtained at least approximately $1.7 million from the United States Department of Veterans Affairs, and DUNCAN received cash kickbacks and approximately $36,250 in kickbacks paid by checks to DUNCAN's company, Helping Hands.

12. On or about August 19, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THOMAS E. DUNCAN and
DANIEL DINGLE,

defendants herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate government purchase card transaction in the amount of approximately $3,290, which funds represented a payment by the United States Department of Veterans Affairs to Company A;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One are incorporated here.

2. On or about September 26, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THOMAS E. DUNCAN and<br>DANIEL DINGLE,

defendants herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate government purchase card transaction in the amount of approximately $3,290, which funds represented a payment by the United States Department of Veterans Affairs to Company A;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One are incorporated here.

2. On or about November 29, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THOMAS E. DUNCAN and
DANIEL DINGLE,

defendants herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate government purchase card transaction in the amount of approximately $3,290, which funds represented a payment by the United States Department of Veterans Affairs to Company A;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One are incorporated here.

2. On or about February 23, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THOMAS E. DUNCAN and<br>DANIEL DINGLE,

defendants herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate government purchase card transaction in the amount of approximately $2,868, which funds represented a payment by the United States Department of Veterans Affairs to Company A;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One are incorporated here.

2. On or about August 31, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THOMAS E. DUNCAN,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate government purchase card transaction in the amount of approximately $3,256, which funds represented a payment by the United States Department of Veterans Affairs to Company A;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

Beginning no later than on or about November 29, 2018, and continuing until in or around February 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THOMAS E. DUNCAN,

defendant herein, did attempt to corruptly persuade DANIEL DINGLE, with intent to hinder and prevent the communication to a law enforcement officer of the United States, namely, federal agents of the United States Department of Veterans Affairs - Office of Inspector General, of information relating to the commission and possible commission of a Federal offense, namely, the scheme charged in Count One, in that defendant told DINGLE, in sum and substance, to tell federal investigators that the payments DUNCAN received from Company A were for work performed by DUNCAN's business;

In violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT SEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about December 14, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THOMAS E. DUNCAN,

defendant herein, with intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Department of Veterans Affairs – Office of Inspector General, an agency of the United States, did knowingly falsify records and documents, namely, Helping Hands invoices for work purportedly performed for Company A;

In violation of Title 18, United States Code, Section 1519.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2020 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts One through Five of this Indictment, defendants THOMAS E. DUNCAN and DANIEL DINGLE shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes but is not limited to a personal money judgment in the amount of approximately $1,719,219.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY